BENITO ALONSO, Petitioner and Appellant, *v.* ROBERT H. TODD, Respondent and Appellee.

No. 4753.   Argued November 19, 1928.—Decided January 18, 1929.

*Luis A. Castro* for the appellant.   *Leopoldo Feliú* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Benito Alonso applied to the District Court of San Juan for a writ of certiorari. On October 2nd the district judge refused to issue the writ, and on the same day Alonso filed a notice of appeal with the secretary. On October 5th a transcript of the record was filed in the office of the secretary of the Supreme Court.

Thereupon appellant applied to a member of this court for a writ of supersedeas. October 11th was fixed as the day for a hearing and appellant was directed to serve a copy of his motion upon the adverse party.

On October 9th counsel for appellee filed a motion to dismiss the present appeal for want of service of the notice of appeal.

On the same day a notice of appeal, similar to that already filed, together with a copy of the transcript of record on appeal, was served upon counsel for appellee. The transcript of record contained a *verbatim* copy of the first notice of appeal. The notice of appeal served upon counsel for appel-

lee contained a list of the documents included in the transcript, and the notice of appeal previously filed appears upon the list as the fourth of the documents so enumerated. The notice of appeal served on October 9th, with an acceptance of service endorsed thereon, was filed first in the district court and later, during the same day, in the office of the secretary of the Supreme Court.

Section 296 of the Code of Civil Procedure provides that—

"An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

The language here used does not mean that the service of a notice of appeal upon the adverse party must precede the filing of that notice. 3 C. J. 1232, par. 1336; 2 R.C.L. 108, par. 84; 2 Cal. Jur. 346, par. 129.

"Jurisdiction of the cause is not transferred to the appellate court but remains in the trial court until the appeal or proceeding in error is perfected in accordance with the statutory provisions on the subject." 3 C. J. 1252, par. 1366.

The mere filing of a transcript before service of the notice of appeal did not deprive appellant of his right to serve such notice upon the adverse party, within the time prescribed by statute. The fact that the notice of appeal was so served has become a matter of record in this court. The appeal should not be dismissed for a reason that has ceased to exist.

The motion must be denied.